[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
The plaintiff requests the court to issue a prejudgment remedy to secure the plaintiff's claim. When ruling upon such a claim, this court must determine whether there is "probable cause that judgment will be rendered in the matter in favor of the plaintiff." General Statutes 52-278c(a)(2). Probable cause is a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. New England Land Co. v. De Markey, 213 Conn. 612, 620 (1990). This is a flexible, common sense standard which requires the court to determine CT Page 438 probable success by weighing probabilities. Id. at 620.
The plaintiff, an attorney-at-law, claims defendant Kathleen Maresca owes him $19,575.00 for counsel fees, $1,458.95 for expenses incurred on her behalf, prejudgment interest and costs. The court finds probable cause to sustain the validity of this claim. Accordingly, a prejudgment remedy of garnishment may issue for $25,000.00.
The prejudgment remedy is not to interfere with the obligation of Anthony Maresca to pay Kathleen Maresca support nor is it to interfere with Kathleen Maresca's efforts to enforce a decree issued in the case of Kathleen Maresca v. Anthony Maresca, which was brought in the Judicial District of New Haven (D.N. No. 29 68 04).
THIM, JUDGE